## KERVIN *vs.* WALKER. .

This Court will not control the discretion of the Court below in continuing an injunction after the coming in of the answer, unless such discretion has been improperly exercised.

In Equity, from Sumter County. Decision by Judge ALLEN, at August Adjourned Term, 1859.

This bill was filed by William R. Walker against Samuel W. Kervin, the plaintiff in error, and alleges, that on the 31st day of March, in the year 1857, the said Samuel W. by various false representations and deceitful devices, induced the complainant, Walker, to purchase an assignment of a United States patent, "for a receipt with directions for making a special kind of soap, both toilet, and shaving and washing soap," from said Samuel W. and H. C. and J. W. Kimbrough, transferees of Isaac Roroback, the original patentee; that complainant agreed to purchase the right to use and vend this receipt in the counties of Pulaski, Laurens, Montgomery, Telfair and Dooly, in this State, for the sum of $1,250 00, $50 of which he then paid in cash, and gave his two promissory notes for $600 00 each, one payable six, and the other at nine months, to said Samuel W. for the balance, and took an assignment of the said patent for said counties from said Samuel W. and H. C. and J. W. Kimbrough—the latter name being signed by said Samual W.

The complainant further alleged, that after this purchase he went to considerable expense in preparing to use and vend this soap receipt, and in canvassing the counties specified, by himself and agents; that he had sold the receipt to others to the extent of about $500 00. But, he alleges, the receipt proved a failure, and turned out to be a cheat and an imposition; that the parties to whom he sold made complaint against him to that effect, and that he had to cancel his trades with them and return what he had received from them. He states, further, that in canvassing the counties named, he found several persons, merchants and others, who had transfers of said patent from some other persons for the same article of older date than his own—the names of which persons he does not recollect, but says that if the receipt had been of any value, his right to use it in the counties

named would have failed, owing to the superior rights of the other parties alluded to.

Copies of the Roroback patent and schedule thereto attached, and of the transfer to complainant, are made exhibits to the bill.

Complainant also states, that at the time of the trade defendant required him to give a bond not to disclose the mode of making said soap, which was done.

The complainant further alleges, that the said Samuel W. has brought his action at common law against him for the collection of the said notes; that these were given without consideration, in view of the fraud charged; and he prays for an injunction to restrain the suit at law, etc. The bill also prays the cancellation of said bond, and the re-payment of the said $50 00.

The answer filed by the defendant admitted the agreement respecting the assignment of said patent right, and the terms of it; but denies all fraud and all the false representations charged, and insists that the soap receipt is not a humbug, as charged, but is, in his belief, all it is represented to be in the patent. It is further answered, that the right of complainant to use and vend the receipt in the counties specified is perfect under the assignment from himself and H. C. and J. W. Kimbrough. Defendant says he does not believe there are other parties using and vending said receipt in any of said counties; certainly none under prior assignments; and if there be any such persons, they are acting without authority. He also says, that he heard no complaint until after the the notes were sued; that complainant had expressed his satisfaction with the trade, and that he had realized several thousand dollars by vending the patent.

He admits the institution of the suit as charged, and denies all the statements as to fraud and want or failure of consideration in the bill. He also says, that at the time of the trade, complainant stated to him that he, complainant, was familiar with the receipt for making soap, and as he had used an " individual right," and was satisfied as to it value.

A motion was made by counsel for defendant to dismiss the bill and dissolve the injunction on the coming in of the answer, on the following grounds :

1st. Because there was no equity in the bill.

2d. Because it was apparent upon the bill that the complainant had a full and adequate remedy at law.

3d. Because the answer swore off all the equity, if any, in the bill.

The Court overruled the motion, and defendant excepted.

SCARBOROUH, LANIER & ANDERSON, for the plaintiff in error.

McCAY & HAWKINS, for defendant.

*By the Court.*—LYON, J., delivering the opinion.

It is a well settled rule of this Court, that the granting and continuing the process of injunction must always rest in the sound discretion of the Court, to be governed by the nature and circumstances of the case; and this Court will not control that discretion unless it is quite apparent that it has been improperly exercised. And there is nothing in this case that makes it necessary for us to interfere with that discretion in refusing to dissolve the injunction on the coming in of the answer.

The common law remedy is not so adequate; for this bill will settle all the questions between the parties, the cancellation of the notes and bonds, the restitution of amount paid—all of which the defense to the suits on the notes would not accomplish.

Judgment affirmed.